UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN M. FLOYD AND ASSOCIATES, INC., a Texas corporation,

Plaintiff,

v.

TAPCO CREDIT UNION,

Defendant.

CASE NO. C10-5946BHS

ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT OR IN THE ALTERNATIVE MOTION FOR RECONSIDERATION OF JUDGMENT

This matter comes before the Court on Plaintiff John M. Floyd and Associates, Inc.'s ("Floyd") Motion to Alter Judgment Pursuant to Fed. R. Civ. P. 59(e) or in the Alternative Motion for Reconsideration of Judgment (Dkt. 38). The Court has considered the pleading filed in support of the motion and the remainder of the file. For the reasons stated herein, the Court denies the motion.

**I. DISCUSSION**

On February 8, 2012, the Court granted Defendant TAPCO Credit Union's ("TAPCO") motion for summary judgment (Dkt. 36), and on February 9, 2012, the Court

entered judgment for TAPCO thereby dismissing all claims in the underlying lawsuit. Dkt. 37. On March 8, 2012, Floyd filed the instant motion. Dkt. 38.

The Court denies Floyd's motion. First, although Floyd styles the motion as one to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), the Court finds that the motion should be treated as one for reconsideration pursuant to Local Civil Rule 7(h). Motions for reconsideration "shall be filed within fourteen days after the order to which it relates is filed." Local Civil Rule 7(h). Here, the Court issued its order granting TAPCO's motion for summary judgment on February 8, 2012. Dkt. 36. Therefore, the deadline to file a motion for reconsideration was no later than February 22, 2012. Because Floyd did not file the instant motion until March 8, 2012, well after the deadline had passed, the motion is untimely. For this reason alone, the Court denies the motion.

Second, even if the motion was timely, the Court denies the motion because Floyd has failed to show "manifest error" in the Court's order granting summary judgment. Local Civil Rule 7(h)(1). Nor has Floyd demonstrated the presence of "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id*. In the order granting TAPCO summary judgment, the Court noted that Floyd's claims flowed from the principal allegation that TAPCO has failed to pay Floyd for its purported use of Floyd's recommendations, products, and/or services from late 2007 to present. Dkt. 36 at 7. The Court reasoned that, even if the underlying contract permitted Floyd to recover commissions for TAPCO's alleged use of its recommendations post-December 31, 2007 – and, indeed, it was not clear whether or not the contract did so permit – Floyd had still not provided any probative evidence to

support its claim that TAPCO in fact *used* its recommendations, products, and/or services after December 31, 2007.  Dkt. 36 at 8.

Having again reviewed the briefing and supporting declarations in connection with the summary judgment motion, the Court confirms its earlier finding that Floyd cannot produce any evidence on this fundamental point.  Discovery in this matter closed on November 16, 2011 (Dkt. 18), and, absent some evidence that TAPCO used Floyd's recommendations, products, and/or services after December 31, 2007, Floyd cannot sustain its claims at trial.  Indeed, in support of its motion, TAPCO submitted multiple declarations with attachments to assert that it had not used any of Floyd's recommendations, products, and/or services after December 31, 2007.  *See* Dkts. 20-24. Part of the reason for this, TAPCO explained, was that Floyd's programs could not run on TAPCO's Windows XP operating system.  Dkt. 19 at 11.   In the instant motion, Floyd asks the Court to ignore those well-supported declarations and instead focus on TAPCO's purported failure to produce documents that would show how TAPCO allegedly earned in excess of $1 million in additional non-interest income post-December 31, 2007.  Dkt. 25 at 6; Dkt. 38 at 6-7.

TAPCO misses the point.  Even assuming that TAPCO generated income off overdraft programs after December 31, 2007, Floyd must still show a connection between that income and TAPCO's purported use of Floyd's overdraft programs.  In other words, notwithstanding TAPCO's burden on summary judgment, Floyd must still "come forward with sufficiently specific facts from which . . . [the Court can] draw reasonable inferences about other material facts that are necessary elements of the . . . claim."  *Triton*

*Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (Judges are not required "to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of that party.") (citation omitted). Simply making the conclusory statement, without more, that "TAPCO continues to offer its customers overdraft privilege programs" is not enough. Dkt. 38 at 5. *See* Civil Rule 56(c)(4) (declarations must "set out facts that would be admissible in evidence").

Indeed, much of Floyd's motion appears to rest on the claim that TAPCO has failed to produce certain financial documents, which Floyd claims are necessary to support its claim that TAPCO was using its recommendations, products, and/or services post-December 31, 2007. Dkt. 38 at 4-5. But what Floyd fails to address is why it did not accept an invitation to inspect Floyd's computer system for records that would purportedly demonstrate TAPCO's use of overdraft programs in the relevant time period. Dkt. 28 at 5. If Floyd had concerns that TAPCO was improperly withholding documents or had relevant information in its possession and control, then Floyd should have taken appropriate measures under the civil rules to compel that disclosure. Floyd did not take those steps. At this stage, the Court finds that Floyd cannot avoid summary judgment by merely reasserting the conclusory allegation that TAPCO continues to use its recommendations, services and/or products. Discovery rules exist to prevent precisely the type of scenario that Floyd contemplates here – i.e., a prospective trial based on

unsubstantiated allegations in a complaint and the speculation that certain evidence may exist.[1] For the foregoing reasons, the Court denies the motion.

## II. ORDER

Therefore, it is hereby **ORDERED** that Floyd's Motion to Alter Judgment Pursuant to Fed. R. Civ. P. 59(e) or in the Alternative Motion for Reconsideration of Judgment (Dkt. 38) is **DENIED**.

Dated this 21st day of March, 2012

_____
BENJAMIN H. SETTLE
United States District Judge

---

[1] Floyd questions the Court's failure to note the language in page 3 of the contract that purportedly required TAPCO to provide monthly financial tracking information. Dkt. 38 at 8. As an initial matter, the Court is not required to make arguments for the parties or unilaterally draw favorable inferences from materials that the parties attach to their briefs, but whose significance they fail to explain. Even so, the Court finds that any failure to acknowledge the above-referenced contract language does not constitute "manifest error" as it relates to the Court's dismissal of Floyd's breach of contract and accounting claims. Local Civil Rule 7(h). The Court finds that TAPCO demonstrated through well-founded declarations that Floyd had adequate access to TAPCO's financial information throughout the course of the relationship. For example, TAPCO contended (and Floyd did not dispute) that Floyd sent one of its employees to conduct regular audits of TAPCO's records. Dkt. 19 at 8. Indeed, Floyd does not dispute that TAPCO paid it the full amount due and owing under the contract through December 31, 2007, and, in fact, it appears that Floyd did not raise concern regarding TAPCO's accounting prior to filing the lawsuit. Under these circumstances, the Court finds that it did not err, let alone commit manifest error, in dismissing Floyd's breach of contract and accounting claims.